AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

United States of America
v.
SANTOS DURON CISNEROS

*Defendant(s)*

Case No. 3:26-MJ-20 SJF

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 19, 2026 in the county of Marshall in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assault of a federal officer |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

*Anthony Agular*
*Complainant's signature*

Anthony Agular, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/20/2026

s/Scott J. Frankel
*Judge's signature*

City and state: South Bend, IN

Hon. Scott J. Frankel, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

# AFFIDAVIT

I, Anthony Agular, a Special Agent with the United States (US) Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI), being duly sworn, hereby depose and state as follows:

## AGENT BACKGROUND

I am a federal law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered by law to conduct investigations of and to make arrests for violations of United States criminal law, including but not limited to, immigration offenses in violation of Title 8 of the United States Code. I have been a special agent with HSI, since January 2017, and have approximately 16 years of law enforcement experience. I graduated from the Criminal Investigator Training Program (CITP) and the HSI special agent training (HSI-SAT) academy at the Federal Law Enforcement Training Center (FLETC), where I received instruction in constitutional law, immigration law, criminal law, federal and civil statutes, and received training in utilization, preparation, and execution of arrest, and search and seizure warrants.

I am currently assigned to the Northern District of Indiana in the HSI Fort Wayne Post of Duty (POD). As part of my duties as a special agent and criminal investigator for HSI, I have conducted, participated in and assisted in various investigations involving foreign nationals for both violations of criminal and immigration related offenses.

## REQUESTED WARRANT

This Affidavit is being submitted for the purpose of securing an arrest warrant for Mexican national Santos Duron CISNEROS. Based on my investigation, I have probable cause to believe that on or about February 19, 2026, in the Northern District of Indiana, Santos Duron CISNEROS

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in 18 U.S.C. § 1114, to-wit: a federal officer, while engaged in the performance of official duties and on account of the performance of official duties, and the conduct involved physical contact with a federal officer, in violation of 18 U.S.C. § 111(a)(1). This affidavit is submitted for the limited purpose of establishing probable cause against CISNEROS for the above-described violation of federal law and therefore contains only a summary of the relevant facts. I have not included every fact known by me in connection with this investigation. The statements contained in this affidavit are based on information I obtained from interviews of witnesses, my own observations and actions, information received from other law enforcement and immigration personnel, my training and experience, and the training and experience of other law enforcement and immigration personnel.

## PROBABLE CAUSE

On or about February 19, 2026, an Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") Deportation Officer ("DO"), Officer 1, was working in his official federal capacity when he responded to the Elkhart Sheriff's Office ("ESO") in Elkhart, Indiana. Officer 1 was at ESO to take custody of Mexican national Santos Duran CISNEROS, and four additional foreign nationals who were detained there. These foreign nationals, including CISNEROS, had previously been identified as being removable from the United States post arrest for violations of Indiana Law.

Officer 1 made contact with CISNEROS and the four additional detainees at ESO. Officer 1 identified himself as an immigration officer who was present to transport them to the Fulton County Sheriff's Office ("FCSO") in Rochester, Indiana. Officer 1 secured CISNEROS in an unmarked federal government issued transport vehicle, which contained a caged transport area.

CISNEROS was placed in the rear passenger seat and seat belted in. An additional detainee (Detainee A) was seated and secured to the rear of the driver seat. In the same vehicle, another detainee (Detainee B) was placed in the front passenger seat. To mitigate risk during the transport, all three detainees were secured with belly chains, with their hands secured via hand restraints connected to the belly chain in the front of their person, and separate leg restraints.

While Officer 1 was transporting CISNEROS, Detainee A, and Detainee B to Fulton County, Officer 2 followed Officer 1 in a separate vehicle with the remaining two detainees. During the transport while traveling southbound on US-31, in the area of mile marker 245 in Marshall County, Northern District of Indiana, CISNEROS became verbally abusive. He threatened to escape and made threats to kill Officer 1 and the other detainees in the vehicle. Detainees A and B alerted Officer 1 that CISNEROS had unbuckled his vehicle seat belt while in the rear of the vehicle. Officer 1 then observed CISNEROS had removed his seatbelt, forcing Officer 1 to stop the vehicle during inclement weather in an attempt to secure CISNEROS.

Officer 1 attempted to slide CISNEROS back in his original location in the transport vehicle. CISNEROS refused to comply by tensing and bracing his body, preventing Officer 1 from securing CISNEROS. Officer 1 gave CISNEROS multiple commands to stop resisting his efforts, which were ignored. CISNEROS pulled his arms away breaking Officer 1's grasp. CISNEROS flailed his arms keeping Officer 1 from gaining control. After multiple attempts to gain compliance to secure CISNEROS while on the side of a busy roadway, Officer 1 was forced to use a pain compliance technique on CISNEROS. This technique allowed Officer 1 to secure CISNEROS in his seat with a seat belt to continue their transport. Despite being secured, CISNEROS acted belligerently, yelling profanities at Officer 1 indicative of a

negative attitude toward the police.

As the transport continued southbound on US-31 near mile marker 235 in Marshall County, Northern District of Indiana, Detainee B alerted Officer 1 that Detainee A needed help. Officer 1 observed CISNEROS on top of Detainee A, who was still shackled and secured in his seat unable to move away from CISNEROS. Officer 1 observed CISNEROS with his body on top of Detainee A, with what appeared to be his hands on Detainee A's neck, pressing Detainee A against the driver side rear passenger window. Officer 1, believing Detainee A's wellbeing was in danger, immediately stopped the vehicle on the side of the road. Officer 1 gave commands for CISNEROS to stop and subsequently stepped out of the transport vehicle to make contact. Officer 1 physically separated Detainee A from CISNEROS.

Officer 1 attempted to secure CISNEROS, who remained inside the vehicle, while trying to maintain control of Detainee A and Detainee B. While Officer 1 attempted to gain control of CISNEROS, CISNEROS flailed his arms and elbows at Officer 1. Officer 1 deflected CISNEROS' movements with his hands while inside the vehicle. Unable to gain control and secure CISNEROS, Officer 1 was forced to remove CISNEROS from the vehicle and take him straight to the ground while CISNEROS continued to tense, brace, and pull away from Officer 1. While on the ground, CISNEROS kicked at Officer 1 and made contact with Officer 1's hands as Officer 1 deflected the kick. This forced Officer 1 to change his position, impairing his ability to maintain supervision of Detainees A and B. After continuous efforts to subdue CISNEROS were unsuccessful, Officer 1 implemented a pain compliance technique to stop CISNEROS' actions. This provided Officer 1 an opportunity to transfer custody of Detainee A to Officer 2, who had pulled over to assist. Officer 1 then escorted CISNEROS back to the vehicle.

Officer 1 was able to get CISNEROS to sit in the vehicle. While attempting to secure CISNEROS' seatbelt, Officer 1 reached across the front of CISNEROS' body to secure the seatbelt and observed CISNEROS pull his head back and then lunge it forward in an effort to strike Officer 1 with his head. Officer 1 was standing on the sidestep/ running board and was off the ground leaning into the vehicle at the time. Officer 1 was able to create distance between himself and CISNEROS, stopping CISNEROS from headbutting Officer 1 by striking CISNEROS one time with a closed fist.

Due to CISNEROS' combative behavior, Officer 2 transported Detainee A separately. Officer 1 continued to transport CISNEROS and Detainee B to the FCSO, which had been alerted to the incident and CISNEROS' combative behavior. Upon arrival, Detainee A was medically screened at the facility. Detainee A had redness and a slightly raised bump on the upper left area of his forehead.

On February 19, 2026, your affiant responded to the FCSO jail and conducted witness interviews. Your affiant, who is fluent and routinely interprets Spanish to English during my official capacity conducted an interview with Detainee A in the Spanish language. During an interview of Detainee A, Detainee A advised that the detainees were aware they were being transferred to the custody of immigration officers. Detainee A reported that during the transport from Elkhart County to Fulton County, CISNEROS unbuckled his seat belt and struck Detainee A in the chest. Detainee A noted that during the altercation, CISNEROS hit Detainee A's head against the rear driver side door window and had threatened to kill him and the officer. Your affiant observed redness and a slightly raised bump on Detainee A's left forehead area. Your affiant also observed redness across the neck area of Detainee A.

Your affiant conducted an interview of Detainee B, who was seated next to Officer 1

during the transport in the front passenger seat. Detainee B reported that the other detainees and CISNEROS were aware that they were in custody of immigration officers. Detainee B reported that during the transport Detainee A alerted him that CISNEROS had unsecured his seat belt and was attempting to escape from the window of the car. Detainee B added that CISNEROS' actions caused Officer 1 to stop the vehicle and secure CISNEROS. Detainee B reported that CISNEROS had offered the officer money to let him escape and had also threatened to kill the detainees and the officer in the vehicle as they were driving.

During the transport, Detainee B stated there was a second incident. Detainee B observed CISNEROS hit Detainee A on the side and then end up on top of Detainee A. From Detainee B's point of view, it appeared CISNEROS was strangling Detainee A. He later learned that CISNEROS was actually pushing Detainee A's head into the side window; Detainee B saw Detainee A's head hit the side window two times. Detainee B reported Officer 1 stopped the vehicle and separated Detainee A from CISNERO. Detainee B then observed CISNEROS "attack" the Officer. Detainee B noted CISNEROS was not cooperating with Officer, and Officer 1 managed to get him out of the vehicle. Prior to the transport, Detainee B said CISNEROS had been calm in the presence of immigration officers

CISNEROS is currently in the custody of the Fulton County Jail under a federal hold for this incident.

## CONCLUSION

Based upon the above listed facts, your affiant has probable cause to believe that on or about February 19, 2026, in the Northern District of Indiana, Santos Duron CISNEROS did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in 18 U.S.C. § 1114, to-wit: a federal officer, while engaged in the performance of official duties and on account of the performance of official duties, and the conduct involved physical contact with a federal officer, in violation of 18 U.S.C. § 111(a)(1).

AFFIANT FURTHER SAYETH NOT.

*Anthony Agular*

Special Agent Anthony Agular
Homeland Security Investigations

Sworn and subscribed before me on this 20th day of February 2026.

s/Scott J. Frankel

Hon. Scott J. Frankel
United States Magistrate Judge
Northern District of Indiana