# *United States District Court*

## *Northern District of Indiana*

**UNITED STATES OF AMERICA**

***Plaintiff***

***v.*** **CASE NUMBER: 3:26-CR-00020-CCB**

**SANTOS DURON-CISNEROS**

***Defendant.***

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the Defendant, by his Attorney Rodolfo S. Monterrosa, Jr., and states as follows:

**PRE-SENTENCE INVESTIGATION REPORT**

Santos Duron-Cisneros wishes to reiterate that he fully acknowledges responsibility for his actions. He has pleaded guilty pursuant to a plea agreement and has avoided additional time and resources to be spent by the Government to secure those convictions.

The Defendant agrees with the Government's position that the Defendant should receive a sentence at the low end of the sentencing guidelines. His offense level is 11, he is in Criminal History Category 1, with a resulting guideline range of 8 to 14 months.

**18 UNITED STATES CODE SECTION 3553**

18 United States Code §3553 provides for seven factors this Court may consider in determining an appropriate sentence in this case. Section 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to achieve just punishment, deterrence,

protection of the public, and needed training, medical care, or correctional treatment. The Court must consider the nature and circumstances of the offense; the defendant's history and characteristics; available sentences; the advisory Guidelines; pertinent policy statements; avoidance of unwarranted disparities; and restitution.

***Nature and Circumstances of the Offense***

Mr. Duron Cisneros accepts responsibility for assaulting a federal officer under 18 U.S.C. § 111(a)(1). The Final PSR appropriately accounts for the physical contact involved through the three-level specific-offense-characteristic increase. The Court respectfully should recognize the seriousness of the conduct without duplicating that guideline-driven accounting in selecting the point within the range.

The Final PSR also reflects material limits on the offense conduct for sentencing purposes: it applies no victim-related adjustment, no role adjustment, no obstruction adjustment, and no Chapter Four enhancement. Final PSR ¶¶ 28–35. The final calculation therefore provides an appropriate and disciplined measure of the seriousness of the conduct.

***History and Characteristics***

The Final PSR presents substantial mitigating information. Mr. Duron Cisneros has no juvenile adjudications, no adult criminal convictions, and a criminal-history score of zero. Final PSR ¶¶ 37–40. This is not a case involving an established pattern of criminal conduct.

He was the primary caregiver for his two children before his incarceration and maintained an active relationship with them. The Final PSR further identifies close

family ties and positive support from family and friends. Final PSR ¶¶ 48–49, 87. The Court awarded primary custody of the children to the defendant as the mother was homeless, residing in hotels and had a case worker to help her. Mitigating factors in this case include the defendant's close family ties and the fact that Mr. Duron-Cisneros provides for Santos as he has learning disabilities and receives services from Oaklawn and his school. Final PSR ¶ 48.

The Final PSR also documents productive vocational skills and a meaningful employment record. Mr. Duron Cisneros learned auto-body repair from his father, owned Cobijas Auto Repair and Detail LLC for approximately three years and reported work as a contractor performing auto-body repair and detailing. Final PSR ¶¶ 56–59.

Finally, the Final PSR identifies no substance-abuse treatment need and no current mental-health treatment need. Final PSR ¶¶ 52–55, 87. It is not recommended that the defendant obtain a substance use evaluation at this time. He has no criminal history, substance abuse or mental health issues.

***Just Punishment, Deterrence, and Protection of the Public***

An eight-month term is a real custodial punishment and is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide deterrence. It is also the sentence sought by the Government. Given Mr. Duron Cisneros' zero criminal-history score (which the Defense concedes, that according to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I), acceptance of responsibility, family support, work history, and absence of an identified treatment need, a sentence above the low end is not necessary to protect the public from future crimes.

The Final PSR identifies aggravating circumstances involving the Immigration and Customs Enforcement Officer. Those concerns are properly considered in the calculation of the Offense Level. They do not, however, erase the individualized mitigation that the Final PSR separately identifies—particularly the absence of criminal history and the defendant's caregiving and employment record. Final PSR ¶¶ 86–87. Aggravating factors in this case include the nature and circumstances of the offense which include the defendant's assault of an officer.

***Training, Medical Care, and Other Correctional Treatment***

The Final PSR does not identify a substance-abuse, medical, or mental-health treatment program needed to make a custodial term more effective. Mr. Duron Cisneros' vocational skills provide a constructive foundation for lawful employment and reintegration should he be permitted to do so. However, the Defendant recognizes that much of his ability to work in the United States relates to his permission to remain here and is an issue to be determined by another Court, specifically an Immigration Judge.

***Guidelines, Policy Statements, and Avoidance of Disparity***

The eight-to-fourteen-month range already incorporates the Guidelines' assessment of the offense conduct and criminal-history category. An eight-month sentence is within that range and avoids unwarranted disparity among similarly situated defendants. It also honors the Government's low-end recommendation and the defendant's acceptance-of-responsibility reduction. Final PSR ¶¶ 26, 35–36, 63. The defendant has clearly demonstrated acceptance of responsibility for the offense.

***Supervised Release***

The Final PSR reports an active deportation order and an immigration detainer. Final PSR ¶ 45. The Government requests no supervised release in light of those immigration circumstances, and the Defense agrees with that recommendation.

***Fine and Restitution***

The Final PSR reports that Mr. Duron Cisneros is incarcerated, has no income, has a zero-bank balance, and does not appear able to pay a fine. Final PSR ¶¶ 60–61. This Honorable Court should therefore impose no fine, apart from the mandatory $100 special assessment.

Restitution is listed in the Final PSR only as "TBD," without an identified victim, loss amount, or payment schedule. Final PSR ¶¶ 81, 101. The Government states that no restitution request has been made and the Defendant agrees with that request.

**CONCLUSION**

Mr. Santos Duron Cisneros will stand before this Honorable Court as a Defendant who has significant mitigating factors as defined by statute, has absolutely no prior criminal history and a family to support. He will have aggravated circumstances that will be already appropriately considered in the calculation of his Offense Level. In light of the issues highlighted in this Memorandum and the 18 United States Code §3553 factors this Court will consider, Mr. Duron Cisneros respectfully requests that the Court impose a sentence of eight months' imprisonment, at the low end of the advisory Guidelines range, the mandatory $100 special assessment, no fine, no restitution and, finally, no order for

supervised release. This sentence is sufficient, but not greater than necessary, to satisfy the sentencing purposes set forth in 18 U.S.C. § 3553(a).

Santos Duron-Cisneros reserves any additional argument on this and any other sentencing issues under 18 United States Code §3553 for the Sentencing Hearing scheduled for August 12, 2026.

Respectfully submitted,

/s/ Rodolfo S. Monterrosa, Jr.
Rodolfo S. Monterrosa, Jr., #23073-71
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing motion was served upon all parties of record through District Court's CM/ECF system, this 3rd day of August 2026.

/s/ Rodolfo S. Monterrosa, Jr.
Rodolfo S. Monterrosa, Jr., #23073-71